IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TIMOTHY HAMES,**<br><br>*Plaintiff*,<br><br>v.<br><br>**VSC FIRE & SECURITY, INC.,**<br><br>*Defendant*. | **CASE NO.: 3:23-CV-304** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Timothy Hames ("Hames"), and complaining of the Defendant, Vsc Fire & Security, Inc. ("Vsc"), alleges the following to be true:

### INTRODUCTION

1       This action arises from Vsc's failure to promote and termination of Hames based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

2       Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3       Hames is a resident of Mecklenburg County, North Carolina, and is neither a minor nor incompetent.

4    Vsc is a foreign corporation with offices and a registered agent in in Mecklenburg County, North Carolina.

5    This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1    28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

6    This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1    Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2    N.C. Gen. Stat. § 1-75.4(1)(d), as Vsc was engaged in substantial business activity within this state at the time service of process was made upon it.

    6.3    N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Hames's person or property.

7    Venue is proper in this Court pursuant to any/all of the following:

    7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

    7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## STATEMENT OF THE FACTS

8    Hames is a black male.

9    Hames began working for Vsc as a fire inspector in Charlotte, NC, on July 7, 2015.

10   Hames was recruited from out of state to be a Field Superintendent, but was hired to be a Fire Sprinkler Inspector because Vsc was shorthanded.

11   Hames had previously been a Field Superintendent for another company.

12   At the time of his hire, Greg Weaver (white), Branch President for Charlotte, and Karen Westerman (white) ("Westerman"), HR Manager, led Hames to believe that he would only temporarily be a Fire Sprinkler Inspector, and would be in line for a Field Superintendent job soon.

13   When he interviewed with Greg Weaver and Westerman, Hames informed them that he did backflow testing as a side business.

14   Greg Weaver and Westerman told Hames it would be fine for him to do backflow testing on the side because the Fire Sprinkler Inspector position did not do backflows and it would not interfere with that job.

15   Hames did not have a noncompete with Vsc, and there was no policy stating he could not do backflow testing on his own.

16   At no time did Hames solicit known Vsc customers for his independent backflow testing, nor was he ever aware of Vsc's pricing for backflow testing.

17   Multiple white employees did backflow testing and fire extinguisher work on the side using Vsc's equipment.

18      Benjamin Tyler Howell ("Howell") (white) tested backflows for a construction company using Vsc's backflow kits and his Vsc company vehicles.

19      Frank Mayes ("Mayes") (white) did backflows and fire extinguisher tests for a fire department he was associated with in south Carolina.

20      Jonathan Hill ("Hill") (white) did fire extinguisher tests in Gaston Count, North Carolina.

21      All Vsc company vehicles have GPS tracking in them.

22      When supervisor Amanda Weaver (white) asked Howell, Mayes, and Hill why their trucks were outside of their service routes, they told her that they did side work for extra money and as favors for friends. They were not reprimanded.

23      Tommy Gorman ("Gorman") (white), Warehouse Supervisor, often made racist posts and images relating to the Confederacy on social media. He also went on several racist rants, including calling coworkers racist names and slurs.

24      On April 2, 2020, Hames complained to Westerman in HR and Supervisor Scott Hornsbeck about Gorman after Gorman went on a racist rant at him.

25      On April 12, 2020, Greg Weaver spoke to Hames and told him that he could not do backflows on the side because he signed a noncompete.

26      Hames reminded Greg Weaver that he had not signed a noncompete and they told him his backflow work would be fine.

27      Hames told Greg Weaver he was going to report him to corporate HR for retaliation.

28      Greg Weaver told Hames to keep the conversation to himself.

29      Greg Weaver did not mention Hames's backflow work again until his termination more than a year later.

30      Hames was the only black employee and was held to a different standard than other employees.

31      Whenever Hames moved his company car, for example to let his wife get out of the driveway, Vsc would call and ask why they saw the GPS move. Vsc did not do this to white employees.

32      Vsc would often assign Hames as the only inspector on a job that required two or more the previous year. When Hames would ask for help, Frank Mayes (white), Office Scheduler, would tell him to deal with it. When white inspectors asked for help, they would get it.

33      Vsc required Hames to work more than 24 straight hours. It did not require any white employees to do so. When Hames complained about being made to work more than 24 hours, he was taken completely off the schedule.

34      White employees were given regular reviews and raises. Hames was only given one raise after two years of asking.

35      During Hames's employment with Vsc, at least one Field Superintendent position opened.

36      The qualifications for the Field Superintendent position were knowledge of fire sprinkler systems, previous experience as a Field Superintendent, a strong safety record.

37      Hames had more than 20 years of experience in the fire sprinkler system, is National Institute for Certification in Engineering Technologies (NICET) certified, is certified by the State of North Carolina Board of Examiners of Fire Sprinklers, Plumbing, and Heating

Contractors, has prior experience as a Field Superintendent, and was heavily relied upon by Vsc for leadership, customer communication, and training other employees.

38      Hames was never called for an interview despite being qualified, having done the job for another company before, and having been initially hired with the promise he would be moved into the Field Superintendent position.

39      In October 2020, John Neely ("Neely") (white) said to a coworker in front of and about Hames, "I'm tired of this nigger wanting me to work. I feel threatened and I have a firearm in the truck."

40      They were on a job site for a hotel in Charlotte at the time. Hames and the hotel maintenance people both reported it to Hames's supervisor, Scott Hornbeck ("Hornbeck").

41      Neely remained employed with Vsc and, on September 15, 2021, used the "n" word again.

42      Hames again complained to Hornbeck.

43      The next day, September 16, Hames was called into a meeting with Hornbeck and Greg Weaver.

44      Hames believed the meeting was going to be about his complaints about Neely, but instead they told him he was fired for doing backflows in violation of an alleged noncompete.

45      Vsc has 501 or more employees.

46      Hames filed an EEOC charge alleging race and retaliation discrimination on March 14, 2022, and received a notice of right to sue from the EEOC on February 23, 2023.

**FIRST CAUSE OF ACTION**
**Race Discrimination**
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

47  Hames is black, a member of a protected class.

48  Hames suffered an adverse employment action.

49  At the time of his termination, Hames was performing at a level that met his employer's legitimate expectations.

50  The adverse employment action occurred under circumstances that raise an inference of unlawful discrimination.

## SECOND CAUSE OF ACTION
### Retaliation
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

51  Hames engaged in the protected activity of making a complaint of race discrimination.

52  Hames suffered an adverse employment action: termination.

53  There is a causal connection between the protected activity and the adverse action.

## THIRD CAUSE OF ACTION
### Failure to Promote
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

54  Hames is black, a member of a protected class.

55  Hames applied for a Field Superintendent position.

56  Hames was qualified for the position.

57  Vsc rejected Hames's application under circumstances that give rise to an inference of discrimination based on both race and retaliation.

## FOURTH CAUSE OF ACTION
### Race Discrimination
*42 U.S.C. § 1981*

58  Hames is black, a member of a protected class.

59      Hames suffered an adverse employment action.

60      At the time of his termination, Hames was performing at a level that met his employer's legitimate expectations.

61      The adverse employment action occurred under circumstances that raise an inference of unlawful discrimination.

## FIFTH CAUSE OF ACTION
### Retaliation
*42 U.S.C. §1981*

62      Hames engaged in the protected activity of making a complaint of race discrimination.

63      Hames suffered an adverse employment action: termination.

64      There is a causal connection between the protected activity and the adverse action.

## SIXTH CAUSE OF ACTION
### Failure to Promote
*42 U.S.C. §1981*

65      Hames is black, a member of a protected class.

66      Hames applied for a Field Superintendent position.

67      Hames was qualified for the position.

68      Vsc rejected Hames's application under circumstances that give rise to an inference of discrimination based on both race and retaliation.

## PRAYER FOR PUNITIVE DAMAGES

69      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **69.1**      Malice;

  **69.2**  An evil motive; and/or

  **69.3**  Callous indifference to a federally protected right.

**70**  Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

### REQUEST FOR JURY TRIAL

**71**  Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

**1**  Enter Judgment for Hames against Defendant on all causes of action contained herein;

**2**  Award Hames damages, including punitive damages, in an amount to be determined at trial;

**3**  Tax the costs of this action against Defendant and award Hames reasonable attorney fees as permitted by law, and;

**4**  Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 22nd day of May 2023,*

  /s/ **WILSON F. FONG**
  *Attorney for the Plaintiff*
  NC State Bar No. 50708
  HENSEL LAW, PLLC
  Post Office Box 39270
  Greensboro, North Carolina 27438
  Phone: (336) 218-6466
  Fax: (336) 218-6467
  will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

>Vsc Fire & Security, Inc.
>c/o Greg L. Weaver
>3109 Westinghouse Boulevard
>Charlotte, NC 28273
>*Defendant*

>/s/ **WILSON F. FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com